# IN THE COURT OF APPEALS OF IOWA

No. 15-0954
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SY ROEUTH,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

Sy Roeuth appeals the district court's denial of his motion to correct an illegal sentence. **FIRST-DEGREE MURDER SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Jeremy B.A. Feitelson of Feitelson Law, L.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ. Blane, S.J., takes no part.

**VAITHESWARAN, Judge.**

A jury found Sy Roeuth guilty of first-degree robbery, willful injury, and first-degree murder. The district court sentenced Roeuth to prison terms of twenty-five years, a term not exceeding ten years, and life in prison respectively.

Seventeen years later, Roeuth filed a motion to correct an illegal sentence alleging he was born in 1979 and "was a juvenile at the time of the crime," triggering application of recent juvenile sentencing precedent. *See State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013) (holding "article I, section 17 require[d] an individualized sentencing hearing where . . . a juvenile offender receive[d] a minimum of thirty-five years imprisonment without the possibility of parole"); *State v. Null*, 836 N.W.2d 41, 76 (Iowa 2013) (holding a 52.5 year sentence for a juvenile based on the aggregation of mandatory minimum sentences for second-degree murder and first-degree robbery was unconstitutional without an individualized sentencing hearing). *See also State v. Sweet*, ___ N.W.2d ___, ___, 2016 WL 3023726, at *29 (Iowa 2016) (holding "a sentence of life without the possibility of parole for a juvenile offender violates article I, section 17 of the Iowa Constitution"); *State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014) (holding "a mandatory minimum sentencing schema . . . violates article I, section 17 of the Iowa Constitution when applied in cases involving conduct committed by youthful offenders").[1]

The State resisted the motion, asserting "[t]he record [was] replete with evidence" that Roeuth was born in 1978 rather than 1979 and, accordingly, was

---

[1] *Sweet* was decided after briefing in this case. *Lyle* was decided after Roeuth filed his motion for correction of illegal sentence.

eighteen years old at the time of the offense. The district court scheduled a hearing "to determine whether [Roeuth] c[ould] establish his true and correct date of birth as different from what the court records reflect." The court stated "[i]f so, [he] may be entitled to a resentencing hearing."

At the hearing, Roeuth testified his parents brought him to this country as a baby and he was a naturalized citizen of the United States. At the time of the offenses, he represented himself as eighteen to gain employment and buy cigarettes. He testified he did not understand the importance of stating his correct age.

Upon learning he was subject to a detainer for deportation, Roeuth realized the significance of his age, and attempted to determine his correct birthdate. Because his parents had died and documentation they may have had was lost, Roueth contacted the Immigration and Naturalization Service. He received a "Memorandum of Creation of Record of Lawful Permanent Residence" from the United States Department of Justice, Immigration and Naturalization Service. The document identified him by name,[2] set forth his Des Moines address, and listed his date of birth as 1979 rather than 1978. The document was approved in 1981 and served as "temporary evidence of lawful admission for permanent residence." The document was admitted without objection.

Roeuth also obtained correspondence from the Social Security Administration confirming that his attorney correctly identified his date of birth as being in 1979. This correspondence was admitted without objection.

---

[2] The name was spelled "Reouth" rather than "Roeuth."

Following the hearing, the district court denied the motion to correct illegal sentence. The court found Roeuth failed to establish "by a preponderance of the evidence that his birthdate [was in] . . . 1979," determined it was in 1978 and, concluded Roeuth committed the offense when he was eighteen, rendering the juvenile sentencing precedent inapplicable.

On appeal, Roeuth contends he "met his burden of showing by the preponderance of the evidence that he was a minor when the incident took place." The State concedes "[f]acts relied on in imposing sentence must be proven by a preponderance of the evidence." This standard requires "a probability assessment of more likely than not." *Backstrom v. Iowa Dist. Court*, 508 N.W.2d 705, 711 (Iowa 1993) (Carter, J., dissenting). *See also State v. Kollasch*, No. 09-0305, 2009 WL 4842498, at *4 (Iowa Ct. App. Dec. 17, 2009) ("A preponderance is such proof as leads the trier of fact to find that it is more probable than not, or more likely than not, that a contested fact exists." (quoting 32A C.J.S. *Evidence* § 1627, at 713-14 (2008))).

Assuming without deciding Roeuth had the burden to establish his age,[3] we conclude he satisfied this burden. He provided documentation from two federal agencies charged with maintaining birthdate records. Those records unequivocally established that Roeuth was born in 1979. True, the Immigration and Naturalization document contained a misspelling of his name. But, the Social Security Administration, which had access to his social security number in addition to his name, confirmed the birthdate.

---

[3] *See* Ross Pearson, Note, *What's My Age Again? The Immigrant Age Problem in the Criminal Justice System*, 98 Minn. L. Rev. 745, 757-58 (2013).

It matters little that all involved in the trial cited a different birthdate or that Roeuth misrepresented his birthdate. Because Roeuth was of sufficient age to be tried as an adult whether he was seventeen or eighteen[4] and age was not an element of the charged crimes, this fact never had to be proven. His age only became an issue after the Iowa Supreme Court held certain juvenile sentences unconstitutional. At this juncture, Roueth raised the question of his true age and proved by a preponderance of the evidence that he was seventeen years old at the time of the offenses.

This brings us to the disposition. Roueth was sentenced to life in prison for first-degree murder. *See* Iowa Code § 902.1 (1996) ("[A] person convicted of a class 'A' felony," which includes first-degree murder, "shall not be released on parole unless the governor commutes the sentence to a term of years"). *Sweet* held that this statutory life-without-parole sentence was unconstitutional as applied to juvenile offenders. 2016 WL 3023726, at *29. Based on *Sweet*, we reverse the sentence imposed by the district court and remand "for resentencing consistent with this opinion," which we surmise is life in prison with immediate eligibility for parole.[5] *Id.*

**FIRST-DEGREE MURDER SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

---

[4] *See* Iowa Code § 232.8(1)(c). *See also* Pearson, *What's My Age Again*, 98 Minn. L. Rev. at 752-753.

[5] Roueth does not challenge his remaining sentences. At the time of the offenses, persons convicted of first-degree robbery were required to serve 100% of their sentences. *See* Iowa Code § 902.12 (1996). However, this sentence was reduced to seventy percent in 2003 and was made retroactive in 2004. The willful injury sentence did not carry a mandatory minimum period of incarceration.